IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
JAMES LEE PETRUNCIO
                                Debtor

JAMES LEE PETRUNCIO
and
CHARLES J. DeHART, III, TRUSTEE
                                Plaintiffs

                      v.

VALOR FEDERAL CREDIT UNION
f/k/a TOBYHANNA ARMY DEPOT
FEDERAL CREDIT UNION
                                Defendant

Chapter 13
Case Number: 5-13-bk-02690-JJT

Nature of Proceeding: Cross Motions for Summary Judgment (Doc. Nos. 7, 10)

Adversary No.: 5-15-ap-00023-JJT

# OPINION

In this Chapter 13 case, a Complaint has been filed by the Trustee, Charles J. DeHart, III, and the Debtor, James Lee Petruncio, alleging that a mortgage held by Valor Federal Credit Union against the Debtor's real estate was not timely recorded and is, therefore, void under state law. There appears to be no dispute as to the facts and the litigants have filed cross Motions for Summary Judgment which are now ripe.

The mortgage in question was dated November 18, 2005. Approximately 117 days later, on March 14, 2006, the mortgage was recorded. Citing to Pennsylvania statute 21 P. S. § 444, the Plaintiffs now argue that the mortgage is invalid because of the delay in recording. That statute reads:

> All deeds and conveyances, which, from and after the passage of this act, shall be made and executed within this commonwealth of or concerning any lands, tenements or hereditaments in this commonwealth, or whereby the title to the same may be in any way affected in law or equity, shall be acknowledged by the grantor, or grantors, bargainor or bargainors, or proved by one or more of the subscribing witnesses thereto, before one of the judges of the supreme court, or before one of the judges of the court of common pleas, or recorder of deeds, prothonotary, or clerk of any court of record, justice of the peace, or notary public

of the county wherein said conveyed lands lie, and *shall be recorded* in the office
for the recording of deeds where such lands, tenements or hereditaments are lying
and being, *within ninety days after the execution* of such deeds or conveyance,
and every such deed and conveyance that shall at any time after the passage of
this act be made and executed in this commonwealth, and which shall not be
proved and recorded as aforesaid, *shall be adjudged fraudulent and void against
any subsequent purchaser or mortgagee for a valid consideration, or any creditor
of the grantor or bargainor in said deed of conveyance*, and all deeds or
conveyances that may have been made and executed prior to the passage of this
act, having been duly proved and acknowledged as now directed by law, which
shall not be recorded in the office for recording of deeds in the county where said
lands and tenements and hereditaments are lying and being, within ninety days
after the date of the passage of this act, shall be adjudged fraudulent and void as
to any subsequent purchaser for a valid consideration, or mortgagee, or creditor of
the grantor, or bargainor therein. [*Emphasis added*].

This statute, last amended in 1893, reads that the failure to record a mortgage "within ninety days" renders the mortgage void against a purchaser for value. This provision received subtle criticism by the Pennsylvania Supreme Court in *Smith v. Young*, 259 Pa. 367, 372, 103 A. 63 (1918). Thereafter, the Pennsylvania legislature passed 21 P.S. §351 in 1925, which, as amended in 1931, reads:

> All deeds, conveyances, contracts, and other instruments of writing wherein it
> shall be the intention of the parties executing the same to grant, bargain, sell, and
> convey any lands, tenements, or hereditaments situate in this Commonwealth,
> upon being acknowledged by the parties executing the same or proved in the
> manner provided by the laws of this Commonwealth, shall be recorded in the
> office for the recording of deeds in the county where such lands, tenements, and
> hereditaments are situate. Every such deed, conveyance, contract, or other
> instrument of writing which shall not be acknowledged or proved and recorded, as
> aforesaid, shall be adjudged fraudulent and void as to any subsequent bona fide
> purchaser or mortgagee or holder of any judgment, duly entered in the
> prothonotary's office of the county in which the lands, tenements, or
> hereditaments are situate, without actual or constructive notice unless such deed,
> conveyance, contract, or instrument of writing shall be recorded, as aforesaid,
> before the recording of the deed or conveyance or the entry of the judgment under
> which such subsequent purchaser, mortgagee, or judgment creditor shall claim.
> Nothing contained in this act shall be construed to repeal or modify any law
> providing for the lien of purchase money mortgages.

In 1939, the Pennsylvania Supreme Court, in addressing the two aforementioned statutes,

declined to invalidate a deed unrecorded for seven years, stating "the very fact that the Act of 1931 [the latter statute] does not provide a specific time within which persons holding unrecorded deeds could comply with its provisions indicates that such persons were not to be affected." *Farmers Nat. Bank & Trust Co. of Reading, to Use of Adams v. Berks County Real Estate Co. et al.*, 333 Pa. 390, 393, 5 A.2d 94 (1939). The implication was that the latter Act superceded the former, as least to some degree.

In 1998, the Pennsylvania Supreme Court attempted to reconcile the two statutes and made it clear that the two statutes should be read together. *Roberts v. Estate of Pursley*, 718 A.2d 837, 841 (Pa.Super. 1998). The Court concluded that a 117 year delay in recording a deed will render it void as to a bona fide purchaser for value recording its title prior in time to the recording of the earlier document.

"Under Pennsylvania law, a bonafide purchaser for value is defined as one who takes title to property without notice, actual or constructive, of any claim to the property." *Deutsche Bank Nat. Trust Co. v. Evans*, 421 B.R. 193, 201 (W.D.Pa. 2009). Plaintiffs' case hinges on the invalidity of the mortgage and the standing of the Plaintiffs as bonafide purchasers for value. It is only if the mortgage fails to meet certain criteria that a bonafide purchaser could argue it had no constructive notice. 21 P.S. § 358.

The latter statute appears to have eliminated the 90 day window in which the mortgage must be recorded and simply provides that it must be recorded prior to the recording of the subsequent conveyance to a bona fide purchaser for value in order to maintain its priority. In referring to 21 P.S. § 444, a respected treatise on conveyancing in Pennsylvania opines, as follows:

> The period thus fixed for recording had its origin in the days when travel to county seats was difficult and uncertain; but it had no real justification in the time of motor vehicles and air travel and with the roads open during all seasons.

> In the 21st century, instantaneous communication and transmittal of documents is possible and no delay may be sanctioned at law. Consequently . . . the legislature abolished the allotment of any period after execution in which a deed might be recorded and take priority as of the date of execution.

2 Ladner Pennsylvania Real Estate Law, § 19.05(a) (6th ed. 2015).

I'm satisfied that a reading of 21 P.S. § 351 and the Pennsylvania Supreme Court cases interpreting that statute would not automatically invalidate the mortgage simply because of a delay in recording and that the pivotal issue is whether the bonafide purchaser had notice at the time that interest was acquired. In this case, the mortgage of the Defendant was recorded well before the filing of the Chapter 13, which filing gave bonafide purchaser status to the Chapter 13 Trustee.

I believe that Judge Wizmur, in *In re Bella Vista Associates*, *LLC*, 388 B.R. 99 (Bkrtcy.D.N.J. 2008), got it right when she concluded that the debtor in that case had constructive notice of the mortgagee's secured status when debtor secured bona fide purchaser status. *In accord*, *U.S. v. Crissman*, 2011 WL 4527838 (M.D.Pa. Sept. 28, 2011); *Ridings at Brandywine Associates, LP v. Citizens Bank*, 2008 WL 4126583 (D.N.J. Aug. 29, 2008).

Notwithstanding this conclusion, there is authority contrary. Without reference to 21 P.S. § 351, the Court in *In re Fisher*, 320 B.R. 52 (E.D.Pa. 2005) held that 21 P.S. § 444 controlled the outcome of the litigation deciding that a delay in recording the mortgage past the 90 days provided in the statute would void the mortgage. There were other bases for the decision including the fact that the acknowledgment was defective rendering the mortgage document unrecordable. Suffice it to say that, in the absence of addressing the impact of 21 P.S. § 351, I do not find the decision persuasive.

Which raises another rationale for denying relief to the Debtor-Plaintiff. Plaintiffs' status as bona fide purchasers for value is a critical component of according relief to the Plaintiffs. The

Debtor is clearly attempting to exercise the "strong arm" powers normally reserved to a trustee under 11 U.S.C. § 544. More specifically, the Plaintiffs allege that § 544(a)(3) places them in the position of a bona fide purchaser for value at the commencement of the bankruptcy case. The Debtor has no standing to exercise that option since it does not stand in the shoes of the trustee. *In re Knapper*, 407 F.3d 573, 583 (3rd Cir. 2005). I am further troubled by the standing of the Trustee. While the Trustee unquestionably had the status of a bonafide purchaser for value when this Chapter 13 petition was filed, it strikes me that he would have lost that status when the property in question was no longer property of the estate, which occurred when the case was confirmed. 11 U.S.C. § 1327(b).

    The Trustee secured bonafide purchaser status when the case was filed on May 23, 2013. At that point, the mortgage in question was on record for in excess of seven years. It is for the reasons discussed that I conclude the bankruptcy Trustee holds this property subject to the mortgage despite the delay in its recording.

    My Order will follow.

By the Court,

John J. Thomas, Bankruptcy Judge
(CMS)

Date: October 19, 2015